# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHARYN A. DARWIN : CIVIL ACTION
:
v. : NO. 10-3383
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security :

## MEMORANDUM

LOWELL A. REED, Jr., Sr. J                                              MARCH 29, 2011

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 7), defendant's response and plaintiff's reply thereto (Doc. Nos. 9 & 10), the court makes the following findings and conclusions:

      1.      On June 13, 2006, Katharyn A. Darwin ("Darwin") filed an application for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f, alleging an onset date of November 29, 2005. (Tr. 89-95; 96-101). Throughout the administrative process, including an administrative hearing held on December 12, 2007 before an ALJ, Darwin's claims were denied. (Tr. 11-20; 32-60; 61-63). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Darwin filed her complaint in this court on July 13, 2010. (Tr. 4-6; Doc. No. 3).

      2.      In her March 11, 2008 decision, the ALJ concluded, *inter alia*, that: (1) Darwin had severe depressive disorder; (2) her impairments did not meet or equal a listing; (3) she had the RFC to perform work involving simple one to two step tasks and could maintain a schedule and make simple decisions; (4) she could perform work existing in significant numbers in the national economy; and (5) Darwin was not disabled. (Tr. 11 ¶ 4; 13, Finding 3; 14, Finding 4; 15, Finding 5; 19, Finding 10; 20, Finding 11; 20 ¶ 2).[1]

      3.      The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

4.     Darwin contends, *inter alia,* that the ALJ failed to carry her burden of proof at step five of the sequential analysis. After reviewing the parties' briefs and the record, I agree. Therefore, as more fully delineated below, this case must be remanded to the ALJ for further consideration.

As acknowledged by the ALJ, while the plaintiff has the burden of proof from steps one through four of the sequential analysis, the Commissioner carries the limited burden of proof at step five to establish that there are other jobs that exist in significant numbers in the national economy that the plaintiff can do given her RFC, age, education and work experience. Bowen v. Yuckert, 482 U.S. 137, 146, n. 5 (1987); 20 C.F.R. §§ 404.1512(g), 404.1520, 404.1560(c); 416.912(g), 416.920, 416.960(c). Part of this burden of proof includes the identification of *specific* jobs that the plaintiff can perform. Rossi v. Califano, 602 F.2d 55, 57 (3d. Cir. 1979) (holding that at step five, the Commissioner must show that the claimant, given her age, education and work experience, has the capacity to perform specific jobs that exist in the national economy); Thompson v. Barnhart, 281 F. Supp.2d 770, 781-82 (E.D. Pa. 2003) (remanding for, *inter alia*, failure of the ALJ to elicit testimony from the VE regarding specific jobs that the plaintiff was capable of performing); 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); S.S.R. 85-15 (concluding that whenever vocational resources are used and the decision is adverse to the claimant, the decision of the ALJ *will* include citations of examples of jobs the person can perform).

During the hearing, the ALJ did not elicit from the VE the necessary testimony for the step five analysis. While the ALJ and VE did discuss Darwin's prior work experience, the ALJ did not specifically ask the VE to consider a hypothetical based on an individual of the plaintiff's age, RFC, and education. (Tr. 53-58). In fact, the ALJ did not truly pose a hypothetical to the VE at all. Instead, the VE volunteered that if Darwin could make simple work decisions, do simple routine activities, and maintain a work schedule, "she should be able to maintain at least unskilled work." (Tr. 57). Thereafter, the ALJ failed to elicit testimony regarding specific jobs and their numbers in the economy that Darwin could perform as required by the statutory and legal precedent. (Tr. 57-58). In her decision, the ALJ did not list any specific jobs that Darwin could perform and instead concluded that the VE had testified that Darwin's RFC was "compatible with the entire universe of unskilled work." (Tr. 19 ¶ 2). This is not a completely accurate depiction of the VE's testimony. (Tr. 57). Because the Commissioner has the burden of proof at step five, because the law is quite clear on how an ALJ should discharge that burden when utilizing a VE, and because the ALJ failed to elicit the necessary testimony from the VE, this case must be remanded for further consideration.

5.     After carefully reviewing all of the arguments and evidence, I find that the ALJ failed to adequately support her burden of proof at step five of the sequential analysis when finding that there were jobs that existed in significant numbers which Darwin could perform. (Tr. 19, Finding 10). As a result, this case must be remanded to the ALJ in order for her to re-assess the evidence presented and to more fully support her findings at step five. In light of the remand, I find it unnecessary to address plaintiffs' other arguments.

An appropriate Order follows.